IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

COREY ALAN BENNETT )
    v. ) NO. 3:15-0493
 )
MICHAEL GREGORY, et al. )

TO: Honorable Kevin H. Sharp, Chief District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered May 4, 2015 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is Defendants' motion to dismiss (Docket Entry No. 7), to which Plaintiff has filed a response in opposition. See Docket Entry No. 15. For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Riverbend Maximum Security Institution ("RMSI"). He filed this action pro se and in forma pauperis seeking injunctive and monetary relief under 42 U.S.C. § 1983 and naming

11 prison officials as Defendants. See Complaint (Docket Entry No. 1). In a complaint signed and dated by Plaintiff on April 16, 2015, he alleges that on the afternoon of April 15, 2015, he was physically assaulted on two occasions by Defendants, was left naked in his cell after the assaults, and had all of his property destroyed. He further alleges that he was fed only one time "in the past 48 hours" and Defendants told him "they are gonna kill me." See Complaint (Docket Entry No. 1), at 6-7. By the Order of referral, process was ordered to issue to Defendants.[1]

In lieu of answers, Defendants Michael Gregory, Ernest Lewis, Tony Mays, Robert Mosley, Bobby Spyers, Bryan Tyner, Tommy Vance, and Bruce Westbrook filed the pending motion to dismiss.[2] Defendants contend that dismissal of Plaintiff's action is required because he did not file a TDOC administrative grievance about the incidents at issue in his lawsuit and, thus, failed to exhaust his available administrative remedies prior to bringing this action as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Defendants assert that, from April 15, 2015, to June 25, 2015, Plaintiff filed only one grievance at the RMSI, but that grievance involved an incident alleged to have occurred on May 8, 2015. In support of their motion, Defendants submit the affidavit of April Hall, the RMSI Grievance Chairperson (Docket Entry No. 8-1), and an exhibit attached to her affidavit.

---

[1] Although Plaintiff has had a sufficient number of prior lawsuits dismissed to bring him within the scope of 28 U.S.C. § 1915(g), which bars a prisoner from bringing a civil action in forma pauperis if he has had more than three lawsuits previously dismissed as frivolous or for failure to state a claim, the Court construed his allegations as sufficient to trigger the exception contained in Section 1915(g) for prisoners who allege that they are in imminent danger of serious physical injury.

[2] The docket reflects that Defendant John Nicholson was served with process in the action but he did not join in the motion to dismiss. See Docket Entry No. 11. Although Carolyn Jordan and Fred Schildkamp were named as Defendants in the Complaint, the docket does not reflect that Plaintiff returned service packets for these two Defendants. See Docket Entry No. 6.

Plaintiff responds by contending that he attempted to file an emergency grievance but that Defendant Westbrook or "TDOC officials" destroyed the grievance. See Docket Entry No. 15, at 2. He asserts that because his life was in imminent danger and because his grievance was destroyed, he "went ahead and filed his lawsuit." Id.

## II. STANDARD OF REVIEW

Defendants fail to provide a procedural basis for their motion to dismiss. Because Defendants rely on matters that are outside the pleadings, the proper vehicle for their motion would have been a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See Frees v. Duby, 2010 WL 4923535, *3 (W.D. Mich. Nov. 29, 2010) (collecting cases). In reviewing Defendants' motion, the Court shall not exclude these outside matters and, thus, Defendants' motion shall be converted to a motion for summary judgment in accordance with Rule 12(d). See Song v. City of Elyria, Ohio, 985 F.2d 840, 842 (6th Cir.1993).[3]

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith

---

[3] This Report and Recommendation and the fourteen day period within which objections may be filed provides Plaintiff with notice of conversion of Defendants' motion to one for summary judgment under Rule 12(d) and provides him with the opportunity to present any material that is pertinent to the issue of exhaustion. See Yashon v. Gregory, 737 F.2d 547, 552 (6th Cir. 1984).

Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001). However, once the moving party has presented evidence sufficient to support its motion, the nonmoving party must come forward with evidence to support his claims. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). See also Napier v. Laurel Cnty., Ky., 636 F.3d 218, 225-26 (6th Cir. 2011) (requiring prisoner plaintiff to set forth evidence to show that he has complied with the requirements of exhaustion when challenged upon a properly supported motion for summary judgment).

### III. ANALYSIS

The Court finds that this action should be dismissed because Plaintiff's claims have not been properly exhausted. The PLRA states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit in the district court under 42 U.S.C. § 1983. Porter v. Nussle, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The exhaustion requirement of the PLRA is mandatory. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). It is further well-settled that there is no futility exception to the exhaustion requirement. Booth, 532 U.S. at 741 n.6; Napier v.

Laurel Cnty., Ky., 636 F.3d 218, 222 (6th Cir. 2011); Boyd v. Corrections Corp. of America, 380 F.3d 989, 998 (6th Cir. 2004).

Once the affirmative defense of failure to exhaust is raised and supported, a prisoner plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. See Napier, 636 F.3d at 225-26. To establish that he has exhausted his administrative remedies, Plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

Defendants' evidence shows that a three level grievance system is available to inmates at the RMSI and that Plaintiff used this system concerning other matters. See Affidavit of Hall. Defendants have also presented evidence that no grievance was filed regarding the incidents at issue in this action. Id. It is Plaintiff's burden to rebut Defendants' supporting evidence showing his failure to exhaust. See Napier, supra. Plaintiff's response in opposition to Defendants' motion fails to satisfy this burden and fails to show that he met the PLRA's exhaustion requirement prior to filing his lawsuit.

Initially, the timing of Plaintiff's Complaint relative to the date of the incident lends itself to a conclusion that Plaintiff failed to fully pursue the administrative grievance process at the RMSI prior to filing his lawsuit. Plaintiff's complaint was signed and dated by him the day after the incident in question. It would have been realistically impossible for Plaintiff to have fully completed the grievance process prior to filing his lawsuit, which is required under the PLRA. See Cox v. Mayer, 332 F.3d 422, 425 (6th Cir. 2003). Second, Plaintiff's contention that he was in imminent danger of physical harm at the RMSI does not provide a basis for non-compliance with the PLRA's

5

exhaustion requirement. The exhaustion requirement of the PLRA applies even if a prisoner plaintiff has alleged that he is under imminent danger of serious physical injury. See Arbuckle v. Bouchard, 92 F. App'x 289, 291 (6th Cir. 2004); McAlphin v. Toney, 375 F.3d 753, 755 (8th Cir. 2004); Thomas v. McDowell, 2013 WL 5177137, *3 (S.D. Ohio Sept. 12, 2013); Jones v. Michigan Dep't of Corr., 2005 WL 3556077, *2 (W.D.Mich. Dec.29, 2005). Further, although Plaintiff states in his response in opposition that he filed an emergency grievance that was destroyed, his response is an unsworn statement that cannot be considered as evidence in his favor. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Harris v. J.B. Robinson Jewelers, 627 F.3d 235, 239 n.1 (6th Cir. 2010); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 968-69 (6th Cir. 1991). Additionally, his own response is at odds with the Complaint he filed in which he merely checked a box stating that he presented the facts of his lawsuit to prison authorities through a grievance process and did not mention filing an emergency grievance or having a grievance destroyed. See Docket Entry No. 1, at 5. Finally, even if Plaintiff had filed a grievance on the day of the incident or on the day after the incident occurred, he is not permitted to abandon the grievance process and immediately file a lawsuit. Hartsfield, 199 F.3d at 309.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that Defendants' motion to dismiss (Docket Entry No. 7) be GRANTED and this action be DISMISSED in its entirety WITHOUT PREJUDICE in accordance with 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                              Respectfully submitted,

                                              BARBARA D. HOLMES
                                              United States Magistrate Judge