# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

COREY ALAN BENNETT          )
                                          )

     v.                     )       **No. 3:15-0493**
                                          )       **Judge Sharp**

MICHAEL GREGORY, *et al.*      )

## ORDER

The Magistrate Judge has entered a Report and Recommendation ("R & R") (Docket No. 24) that recommends Defendants' Motion to Dismiss (Docket No. 7) be construed as a Motion for Summary Judgment and, as such, granted. Instead of filing an Objection to the R & R, Plaintiff filed a "Motion to Voluntarily Dismiss" in which he states that he wants to "voluntarily dismiss this lawsuit against all Defendants." (Docket No. 27 at 1).

Insofar as Plaintiff requests voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure, that request will be denied. While Rule 41(a)(1)(A) permits a Plaintiff to dismiss a case before an answer or motion for summary judgment is filed, that right is "subject to . . . any applicable statute." Fed. R. Civ. P. 42(a)(1)(A). Further, while Rule 41(a) also authorizes a Court to dismiss a case at Plaintiff's request, a court may do so only "on terms that the court deems proper." Fed. R. Civ. P. 42(a)(1)(A)(ii). "Plaintiff cannot avoid the operation of the PLRA [Prison Litigation Reform Act] by stipulating to dismissal of his action <u>after</u> the issuance of the Report and Recommendation." <u>Edwards v. Coffee Cty. Facility, No.</u>, 2016 WL 320948, at *1 (S.D. Ga. Jan. 26, 2016) (emphasis in original); <u>see also</u>, <u>Burley v. Unknown Defendants</u>, 2015 WL 8212681, at *1 (S.D. Tex. Dec. 7, 2015) (holding that "the PLRA is a federal statute to which a plaintiff's power to dismiss an action voluntarily under Rule 41(a)(1)(A) is subject, and allowing a plaintiff to use

voluntary dismissal to avoid accumulating a strike under § 1915(g) runs counter to Congress's

purposes in enacting the PLRA"); Walker v. Sec'y, Dep't of Corr., 2013 WL 8445033, at *1 (N.D.

Fla. Oct. 10, 2013) ("a notice of voluntary dismissal under Rule 41(a)(1) is subject to the provisions

in the PLRA" and "[t]his means that a prisoner cannot unilaterally dismiss a case for the purpose

of avoiding the entry of an order of dismissal and avoiding a strike against the plaintiff based upon

the dismissal"); Davis v. Bexley Police Dept., 2009 WL 414269, at *1-2 (E.D. Ohio Feb. 17, 2009)

(denying plaintiff's motion to voluntarily dismiss after the entry of an adverse R & R).

Turning to the R & R, the Court has conducted a *de novo* review of the record and agrees that

dismissal is warranted because Plaintiff has failed to show that he exhausted available administrative

remedies.

The Court rules as follows:

(1) Plaintiff's Motion to Voluntarily Dismiss (Docket No. 27) is hereby DENIED;

(2) The R & R (Docket No. 24) is hereby ACCEPTED and APPROVED;

(3) Defendants' Motion to Dismiss (Docket No. 7), construed as a Motion for Summary

Judgment, is hereby GRANTED; and

(4) This case is hereby DISMISSED.

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal

Rules of Civil Procedure.

It is SO ORDERED.

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE